FILED

OCT 17 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HELEN FRANCISCO GUINOOBAN, | No. 09-72688 |
| Petitioner, | Agency No. A072-305-504 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2013[**]
Pasadena, California

Before:  PAEZ and HURWITZ, Circuit Judges, and ERICKSON, Chief District Judge.[***]

Helen Francisco Guinooban, a native of the Philippines, petitions for review of the decision of the Board of Immigration Appeals affirming an order of removal.

_____

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Ralph R. Erickson, Chief District Judge for the U.S. District Court for the District of North Dakota, sitting by designation.

Guinooban argues that she obtained derivative citizenship through her deceased father, who became a naturalized citizen on December 9, 1992. We deny the petition.

Guinooban was born in the Philippines on June 4, 1946 to parents who were not United States citizens. When Guinooban was born, the Philippines were an outlying possession of the United States. *Rabang v. INS*, 35 F.3d 1449, 1450–51 (9th Cir. 1994). She therefore did not acquire citizenship at birth under former section 201(i) of the Nationality Act of 1940, which applied only to "persons born outside the United States and its outlying possessions of parents one of whom is a citizen of the United States." 8 U.S.C. § 601(i) (1946) (repealed 1952). Nor did Guinooban derive United States citizenship through her father's 1992 naturalization because she was forty-six years old at the time. *See* 8 U.S.C. § 1432(a)(4) (1988) (providing that a child derives United States citizenship through a naturalized parent only if the child had not reached his or her eighteenth birthday on the date of the parent's naturalization).

Counsel for Guinooban has moved to withdraw, avowing that she cannot establish contact with her client. That motion is granted.

**PETITION FOR REVIEW DENIED; MOTION TO WITHDRAW GRANTED.**